**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAKIM BOND, | : | |
| | : | Civil Action No. 08-288 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FREEHOLDER JOHN DOE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> HAKIM BOND, Plaintiff <u>Pro</u> <u>Se</u>
> # 198438
> Camden County Correctional Facility
> P.O. Box 90431
> Camden, New Jersey 08102

**BUMB**, District Judge

Plaintiff Hakim Bond, currently confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.[1]

---

[1]  It appears that Plaintiff may be attempting to add numerous (about 75) inmates to this action by having most of them

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

---

sign a page addendum to the Complaint.  However, none of these individuals have been named in the caption of the Complaint, nor have they each submitted an application to proceed in forma pauperis in this action or paid the $350.00 filing fee. Consequently, this Court recognizes only the named plaintiff, Hakim Bond.

Even if Plaintiff purports to bring this lawsuit as a class action on behalf of all inmates at Camden County Correctional Facility who allegedly have been denied preliminary hearings, the class cannot be certified.  Pursuant to Fed.R.Civ.P. 23(a)(4), a class action can only be maintained if the class representative "will fairly and adequately protect the interests of the class." When confronting a request for class certification from a pro se litigant, however, courts have found that pro se plaintiffs generally cannot represent and protect the interests of the class fairly and adequately.  See Cahn v. U.S., 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993).

Here, plaintiff is a pro se prisoner without formal training in the law.  Thus, he would not be able to represent the interests of the class and maintain this suit as a class action. Cahn, 269 F. Supp.2d at 547; Krebs v. Rutgers, 797 F. Supp. 1246, 1261 (D.N.J. 1992)(denying class certification to pro se plaintiffs without sufficient legal education).  Therefore, class certification will be denied.  To the extent that any of the individuals who signed the addendum wish to pursue a claim, they must file a separate lawsuit together with payment of the filing fee or a complete IFP application.

2

I.   <u>BACKGROUND</u>

The Complaint names the following defendants: Freeholder John Doe and Freeholder Jane Doe of Camden County; Warden Eric Taylor; the Camden County Court Clerk; and Judge Thomas Brown, Jr. (Complaint, Caption and ¶¶ 4(b) and (c)).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that the named defendants have violated his right to due process by conspiring with the court clerk and county jail to misuse funds.  He claims that the named defendants have failed to provide Plaintiff with a probable cause hearing or a proper preliminary hearing to downgrade criminal charges. Plaintiff states that a "C.J.P." hearing is used in place of a preliminary hearing, and that this "C.J.P." hearing violated due process.  (Compl., ¶ 6).

Plaintiff asks that the "system" be investigated, that he be compensated in an unspecified amount of money damages for the alleged violations of his due process rights, and that the assets of the named defendants be frozen pending the outcome of this case.  (Compl., ¶ 7).

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

3

requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

4

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

United States Constitution.   Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## II.  ANALYSIS

A.  Claim Against Judge Thomas Brown, Jr.

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Id., 502 U.S. at 11 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,

6

even when such acts are in excess of their jurisdiction,
and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson
v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be
overcome only for actions not taken in a judicial capacity, id.,
or for actions taken in a complete absence of all jurisdiction.
Mireless, 502 U.S. at 11-12.  Allegations that actions were
undertaken with an improper motive diminishes neither their
character as judicial actions nor the judge's immunity.  See
Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Plaintiff's allegations against Judge Brown involve
only court-related matters occurring during plaintiff's state
criminal proceedings, namely, a preliminary hearing before trial.
Thus, even if plaintiff's allegations are true, with respect to
Judge Brown, the Court finds that the Complaint fails to allege
facts sufficient to support the necessary assertions that the
Judge acted beyond the scope of his judicial authority, or that
the Judge acted in the complete absence of all jurisdiction.
Therefore, Judge Brown is absolutely immune from liability, and
the Complaint will be dismissed with prejudice as against this
defendant.

B.   Claim Against Remaining Defendants

Plaintiff also asserts that the Freeholder defendants, the
Camden County Court Clerk, and Warden Taylor have violated his
right to due process because plaintiff has not received a

7

preliminary hearing or probable cause hearing.  He alleges only that these defendants have misused funds.  Plaintiff makes no specific allegation as to how these defendants actually interfered with his preliminary or probable cause hearing.  Thus, his general allegation about the misuse of funds suggests that Plaintiff is asserting supervisor liability as to these defendants.

Generally, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of

Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v.

Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff

must show that an official who has the power to make policy is

responsible for either the affirmative proclamation of a policy

or acquiescence in a well-settled custom." Bielevicz v. Dubinon,

915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v.

Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516

U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v.

Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must

demonstrate that, through its deliberate conduct, the

municipality was the moving force behind the plaintiff's injury.

Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing]
> final authority to establish municipal policy with
> respect to the action issues a final proclamation,
> policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212
> (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati,
> 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452
> (1986) (plurality opinion)).  A custom is an act "that
> has not been formally approved by an appropriate
> decisionmaker," but that is "so widespread as to have
> the force of law."  [Bd. of County Comm'rs of Bryan
> County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]

> There are three situations where acts of a
> government employee may be deemed to be the result of a
> policy or custom of the governmental entity for whom
> the employee works, thereby rendering the entity liable
> under § 1983.  The first is where "the appropriate
> officer or entity promulgates a generally applicable
> statement of policy and the subsequent act complained
> of is simply an implementation of that policy."  The
> second occurs where "no rule has been announced as
> policy but federal law has been violated by an act of

9

the policymaker itself." Finally, a policy or custom
may also exist where "the policymaker has failed to act
affirmatively at all, [though] the need to take some
action to control the agents of the government 'is so
obvious, and the inadequacy of existing practice so
likely to result in the violation of constitutional
rights, that the policymaker can reasonably be said to
have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

Here, Plaintiff does not allege any personal involvement,

knowledge or acquiescence by these defendants in preventing

Plaintiff from having a probable cause hearing.  Plaintiff merely

asserts a bald claim that defendants have misused funds but does

not allege how this general misuse of funds relates to the

scheduling of state court proceedings.  Consequently, on these

allegations, it would appear that the Complaint is premised only

on a claim of supervisor liability, which is not cognizable in a

§ 1983 action.  The Complaint will be dismissed without

prejudice, as against these defendants, for failure to state a

claim at this time.

## V. <u>CONCLUSION</u>

Therefore, for the reasons expressed above, the Court will

dismiss the Complaint with prejudice, in its entirety, as against

defendant Judge Thomas Brown, Jr., for failure to state a claim

upon which relief may be granted and because this defendant is

immune from suit, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),

(iii) and 1915A(b)(1) and (2).  As to the remaining defendants,

the Complaint will be dismissed without prejudice for failure to
state a claim at this time.   An appropriate Order follows.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge
Dated: January 28, 2008

11